IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AYLA OLER, Individually and as Next Friend of A.O., and ALEXANDER OLER, <br><br> Plaintiffs, <br><br> v. <br><br> CLUB DEMONSTRATION SERVICES, INC. <br><br> Defendants. | CIVIL ACTION NO. 4:18-cv-02145 <br><br> JURY DEMANDED |

## PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT CLUB DEMONSTRATION SERVICES, INC. AND OTHER ASSOCIATED ENTITIES

COME NOW Plaintiffs, by and through their attorneys of record, and for their Motion for Sanctions against Defendant and Other Entities state to the Court as follows:

1. At the Rule 16 Conference in this case, held on February 21, 2019, the Parties advised the Court that they hoped for an early settlement of Plaintiffs' causes of action. In this regard, the Court was advised that the Parties had begun the process of scheduling mediation with the Honorable Michael David to serve as mediator.

2. In Paragraph 4 of the Case Management Order (Doc. # 24), filed by the Court on February 26, 2019, the Court made a general statement about Alternative Dispute Resolution being conducted between Tuesday October 1, 2019 and Monday December 2, 2019, but then adds: "The Court understands that by agreement and without court order the parties scheduled a mediation for March 29, 2019." (Doc. #24, Paragraph 4).

3. On the same date as the Case Management Order, the Court issued its Order Referring Case to Alternative Dispute Resolution (Doc. #25).

4. According to Subparagraph (b) of Order Referring Case to Alternative Dispute Resolution (Doc. #25): "The ADR conference(s) shall be conducted in accordance with the procedures outlined in E.D.Mo. L.R. 6.01 - 6.05."

5. According to Subparagraph (f)(2) of Order Referring Case to Alternative Dispute Resolution (Doc. #25): "Pursuant to Rule 16-6.02(B), all parties, counsel of record, and corporate representatives or **claims professionals** having authority to settle claims shall attend the mediation conference in person unless otherwise agreed to by the parties or approved by the court, **and participate in good faith**." (emphasis added).

6. E.D.Mo. L.R. 6.02(B)(1) states: "<u>Attendance</u>. All named parties and their counsel are required to attend the ADR conference, participate in good faith, and possess the requisite settlement authority unless excused under paragraph (B)(2), below…"

7. E.D.Mo. L.R. 6.02(B)(1)(d) states: "<u>Insurers</u>. Insurer representatives are required to attend in person unless excused under paragraph (B)(2), below, if their agreement would be necessary to achieve a settlement. An insurer satisfies this attendance requirement if represented by a person (other than outside counsel) who has authority to settle and who is knowledgeable about the facts of the case."

8. According to Subparagraph (f)(4) of Order Referring Case to Alternative Dispute Resolution (Doc. #25): "All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel shall **file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties." (emphasis in original).

9. E.D.Mo. L.R. 6.02(B)(2) states: "A person who is required to attend an ADR conference may be excused from attending in person only after a showing that personal attendance would impose an extraordinary or otherwise unjustifiable hardship. A person seeking to be excused must submit, no fewer than fourteen (14) days before the date set for the conference, a motion to the Judge, simultaneously copying all counsel and the neutral."

10. Pursuant to Paragraph (d) of the Order Referring Case to Alternative Dispute Resolution (Doc. #25) dated February 26, 2019, Hardy C. Menees was designated as lead counsel and was responsible for working with the parties and the neutral to coordinate an agreeable date, time, and, if necessary, location for the initial ADR conference. In fulfilling this role, the date of March 29, 2019 was agreed to by the Parties as the date for the initial ADR conference in this case, the neutral (Judge Michael David) was agreed to by the parties, and Alaris ADR Services ("Alaris") was selected as the location for the mediation. **Exhibit 1**.

11. After entry of the Order Referring Case to Alternative Dispute Resolution (Doc. #25), throughout the month on March, 2019, the Parties complied with Paragraphs (e) and (f) of said Order, in that they: (1) submitted the Order Referring Case to Alternative Dispute Resolution (Doc. #25) to the neutral (**Exhibit 2**); (2) filed confidential memoranda with Judge David, (**Exhibit 3**); and (3) disclosed the participants that would attend mediation by exchange of email (**Exhibit 4**).

12. In further compliance with the Order Referring Case to Alternative Dispute Resolution (Doc. #25), the Parties filed the court ordered Designation of Neutral by Parties and Conference Report (Doc. #26) on March 22, 2019, which expressly and unambiguously set the mediation for March 29, 2019 at Alaris. This document was mutually and consensually filed pursuant to an email exchange between the attorneys of record, wherein Defendant's attorney

gave written approval to Plaintiffs' attorney to sign his name while out of the country and to file the document with the Court. **Exhibit 5**.

13. On March 27, 2019, Gregory J. Linhares, Clerk of the Court, by Deputy Clerk Erica Brown, filed the Notice of Appointment of Neutral (Doc. #27). Said Notice was issued pursuant to Eastern District Local Rule 6.03.

14. At 1:46 pm, on March 28, 2019, the afternoon before the schedule mediation, attorney for Defendant, Scott Harper, left a message with Plaintiffs' attorney stating to the effect that the mediation needed to be cancelled and that the reasons would be given in a return call. **Exhibit 6, at 4**.

15. Plaintiffs' attorney, Hardy Menees, was able to return Mr. Harper's call at approximately 2:30 pm, and was told that an adjuster in California on behalf of Sedgwick Claims Management Services, Inc. ("Sedgwick") had called and instructed him that the mediation was cancelled for the next day. **Id., at 5**. This call from California was apparently made by Sedgwick adjuster Carmella Chan-Hin, who had been listed by Mr. Harper as a participant by phone per email dated March 21, 2019 in compliance with the Order Referring Case to Alternative Dispute Resolution (Doc. #25). **Id., at 8-9**.

16. Mr. Harper acted sincerely surprised by the message that he was told to convey by the insurance adjuster and appropriately apologized to Mr. Menees. **Id., at 10**. The response by Mr. Menees was one of incredulity, especially when he was told that Carmella Chan-Hin was claiming that The Hartford Financial Services Group, Inc. ("The Hartford") "wants to do more discovery" before it could proceed to mediation and that she did not get authority from The Hartford. **Id**.

17. Sedgwick is a national adjusting company which adjusts claims for The Hartford across the United States. **Id**.

**18.** Mr. Harper, when asked, could not state what additional information or discovery was necessary per the request of The Hartford. Mr. Menees explained that very significant plans had been made by his law firm, the parents of the minor Plaintiff, and the grandmother of the minor Plaintiff. The latter , a Registered Nurse from New Mexico, had elongated a stay in St. Louis to attend to the parents' three children during the day of mediation, especially necessitated by the special needs of their middle child (age 6), who is wheelchair bound, suffering from cerebral palsy and spastic quadriplegia with very limited verbal abilities. **Id., at 13-14**. **See also Exhibit 7.**

19. Mr. Harper appeared the next morning with a Sedgwick representative who is located in the St. Louis Area, Robert McCluskey; Judge David appeared; and the Plaintiff parents and Mr. Menees appeared.

20. Mr. Harper represented to the Parties that he had settlement authority of Defendant's self-retained sum (the deductible), less defense costs. **Id. at 15-16**. This sum of money was rejected by the Plaintiffs based on a good faith belief by the Plaintiff parents and their counsel that it was an inadequate offer. No additional authority was available from the Sedgwick representative or The Hartford as previously stated to Mr. Harper by Sedgwick adjuster Carmella Chan-Hin.

21. Judge David was privy to all of these communications and stayed at Alaris for a transcribed statement of the events that is incorporated by reference as Exhibit 6. Mr. Harper was invited to attend and contribute to the making of this brief transcript, but chose to leave with the Sedgwick representative without participation. Before leaving, Mr. Harper opined that this

session was actually some type of "private agreement mediation" as opposed to court-ordered mediation, referring to the above mentioned statement in Paragraph 4 of the Case Management Order (Doc. # 24). This theory is misplaced, especially in light of the fact that the Parties complied with all pre-mediation steps ordered by the Court, including the designation of Judge David as neutral by the parties and his appointment as neutral by the District Clerk.

22. Either Sedgwick or The Hartford had a duty to attend the March 29, 2019 mediation pursuant to E.D.Mo. L.R. 6.02(B)(1)(d) and Subparagraph (f)(2) of Order Referring Case to Alternative Dispute Resolution (Doc. #25) or to seek to be excused from the March 29, 2019 mediation by way of motion pursuant to E.D.Mo. L.R. 6.02(B)(2) and Subparagraph (f)(4) of Order Referring Case to Alternative Dispute Resolution (Doc. #25).

23. Neither Sedgwick nor The Hartford "attended" the March 29, 2019 mediation as defined in E.D.Mo. L.R. 6.02(B)(1)(d) because Robert McCluskey did not have appropriate authority to settle the case.

24. Neither Sedgwick nor The Hartford sought to be excused from the March 29, 2019 by way of a timely-filed Motion required pursuant to E.D.Mo. L.R. 6.02(B)(2) and Subparagraph (f)(4) of Order Referring Case to Alternative Dispute Resolution (Doc. #25)

25. Sedgwick and The Hartford violated Subparagraph (f)(2) of Order Referring Case to Alternative Dispute Resolution (Doc. #25) because they did not have settlement authority and therefore did not participate in the mediation in good faith. Their attempt to cancel the mediation less than twenty-four hours before it had been completely scheduled to commence was a unilateral act, not participated in by St. Louis defense counsel, that initiated the theme of bad faith set forth herein.

26. The conduct of Defendant, Sedgwick, and The Hartford, all indicated that the scheduled mediation of March 29, 2019 was to be conducted in compliance with and pursuant to the Order Referring Case to Alternative Dispute Resolution (Doc. #25).

27. The conduct and acts of Sedgwick and The Hartford, acting as claims professionals, insurance carrier, and agents for Defendant CDS are attributable to CDS for purposes of this Motion for Sanctions

28. Therefore, this Court is empowered to levy sanction against Defendant, Sedgwick, and The Hartford under Rule 16(f) and Local Rule 6.05(A) for their noncompliance with a pretrial order such as the Order Referring Case to Alternative Dispute Resolution (Doc. #25). See *Nick v. Morgan's Foods, Inc*., 270 F.3d 590, 595 (8th Cir. 2001) (finding that District Court was authorized to impose sanctions for noncompliance with a Referral Order to ADR pursuant to Rule 16(f) and Local Rule 6.05(A)).

29. The unilateral decision by a California insurance adjuster, less than twenty-four hours before the scheduled mediation, has produced significant financial consequences to Plaintiffs (and the grandmother of minor Plaintiff A.O.) and to Plaintiffs' attorneys, which total $7,133.16, and which are carefully and clearly itemized in the attached declarations of Hardy C. Menees, **Exhibit 1**, and Debra E. Young, **Exhibit 7**.

30. Pursuant to Fed. R. Civ. P. 16(f)(2): "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

31. Defendant, Sedgwick, and The Hartford's noncompliance with the Order Referring Case to Alternative Dispute Resolution (Doc. #25) was not substantially justified and no other circumstances exist that would make an award of expenses unjust.

32. Since the cancelled mediation, Sedgwick and The Hartford have made a modest and unacceptable increase in their settlement offer, but have conditioned acceptance by Plaintiffs that this very Motion not be filed with the Court—their bad faith continues from the day before mediation through the date of the filing of this Motion.

33. Plaintiffs agreed to a moratorium to file this Motion for Sanctions for approximately fourteen (14) days to allow for continued settlement negotiations (coincidental with Judge Cohen being out of town), such that the filing of this Motion for Sanctions is timely.

34. In the interim, between the cancelled mediation and the filing of this Motion, Plaintiffs attempted to resolve this dispute regarding sanctions without court involvement by requesting that Defendant pay for damages sustained by Plaintiffs and their counsel as a result of the cancelled mediation (which did not include time for the drafting and filing of this Motion and Suggestions), and such efforts were not successful.

35. This Motion specifically seeks to exclude defense attorney Scott C. Harper and the law firm of Brinker Doyen LP from the imposition of any sanctions, inasmuch as it is the belief of Plaintiffs and their counsel that Mr. Harper cannot be associated with any sanctionable conduct.

36. Plaintiffs have contemporaneously filed herewith a Memorandum of Law in Support of their Motion for Sanctions which is incorporated herein by reference.

WHEREFORE, Plaintiffs pray for an Order from the Court imposing sanctions on Defendant Club Demonstration Services, Inc., Sedgwick Claims Management Services, Inc., and

8

The Hartford Financial Services Group, Inc. for their noncompliance with the Order Referring Case to Alternative Dispute Resolution (Doc. #25) and Local Rule 6.02 in the amount of $7,133.16 as and for expenses attributable to the cancelled mediation and for their reasonable attorneys' fees and litigation costs and any other sanctions, monetary or otherwise, deemed appropriate by the Court; and for such other and further relief as the Court deems just and proper in the premises.

Respectfully submitted this 18th day of April, 2019.

/s/ Hardy C. Menees
HARDY C. MENEES (MO 23374)
Menees, Menees & Wynne
121 West Adams Avenue
Kirkwood, Missouri 63122
Telephone: 314-821-1111
Facsimile: 314-821-9798
Email: menees@scbglobal.net

ROBERT H. MENEES (MO 62367)
Menees, Menees & Wynne
121 West Adams Avenue
Kirkwood, Missouri 63122
Telephone: 314-821-1111
Facsimile: 314-821-9798
Email: rhmenees@gmail.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on the 18th day of April, 2019, to all counsel of record.

/s/ Hardy C. Menees